OPINION
{¶ 1} Appellant, Hungry Bear Corp., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission"), revoking appellant's liquor permit. Because the common pleas court did not abuse its discretion in finding the commission's decision to be supported by reliable, probative, and substantial evidence and to be in accordance with law, we affirm.
 {¶ 2} This dispute arose out of the transfer of ownership of Kamio Kim's business, Hungry Bear Corp., to William R. Brickles. Appellant operated a grocery store known as "Harpster's Market," and held a C-1-2 liquor permit for the Harpster's Market premises. On September 6, 2000, Division of Liquor Control Compliance Officer Veronica Davenport visited the business' premises for the purpose of ascertaining the true owner/operator of the business. The compliance officer subsequently issued a "Violation Notice" to appellant, alleging various liquor permit violations. In September 2001, the commission served notice on appellant that an administrative hearing would be held to determine whether appellant's liquor license should be suspended or revoked or forfeiture ordered. The notice of hearing alleged that appellant committed the following two violations:
Violation #1: On or about September 6, 2000 you, HUNGRY BEAR CORP and/or your agent and/or employee, KAMIO KIM and/or your unidentified agent and/or employee did sell, assign, transfer, or pledge its C-1, 2 liquor permit without the written consent of the Department of Commerce, Liquor Division in violation of R.C.4303.29 of the Ohio Revised Code.
Violation #2: On or before September 6, 2000 you, HUNGRY BEAR CORP and/or your agent and/or employee, KAMIO KIM and/or your unidentified agent and/or employee did fail to notify the Department of Liquor Control of any legal and/or beneficial interest in the permit business in violation of Section 4303.293
and/or 4303.27 of the Ohio Revised Code.
 {¶ 3} A hearing was held on this matter before the commission on April 30, 2002. At the hearing, the commission dismissed "Violation #1" and the parties allegedly[1] stipulated to the investigative report. Compliance Officer Davenport was the only witness to testify at the hearing. Appellant appeared only through counsel. Appellant's counsel made statements at the hearing regarding the circumstances surrounding the transfer of ownership and operation of the business. The commission, in its order, mailed May 14, 2002, found appellant in violation as to "Violation #2" and revoked appellant's liquor permit. On May 28, 2002, appellant filed a motion for reconsideration, which was denied by the commission.
 {¶ 4} Subsequently, appellant appealed the liquor permit revocation to the Franklin County Court of Common Pleas and filed a motion for stay of execution of the commission's order. The common pleas court granted the motion for stay. The common pleas court found reliable, probative, and substantial evidence to support the decision of the commission and also found no error of law. Consequently, the common pleas court affirmed the commission's order revoking appellant's liquor permit. Appellant appeals this judgment and assigns the following error:
Assignment of Error
The trial court erred in finding the order of the ohio liquor control commission affirming the decision by the superintendent of the division of the liquor control, which denied the requested transfer of the liquor permit of appellant and denied renewal of the permit, was supported by reliable, probative and substantial evidence.[2]
 {¶ 5} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280.
 {¶ 6} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'"Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews, at 280. Furthermore, even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive. Conrad, at 111.
 {¶ 7} An appellate court's review of an administrative decision is even more limited than that of a common pleas court.Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court stated:
* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id., citing Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 260-261.
 {¶ 8} An appellate court does, however, have plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce,Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999), 84 Ohio St.3d 1488; McGee v. Ohio State Bd. ofPsychology (1993), 82 Ohio App.3d 301, 305, citing Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus, rehearing denied, 63 Ohio St.3d 1459, and In re Raymundo
(1990), 67 Ohio App.3d 262, 265, jurisdictional motions overruled, 53 Ohio St.3d 718.
 {¶ 9} It is within these guidelines that we address appellant's assignment of error.
 {¶ 10} Appellant, by its single assignment of error, asserts that the trial court erred in finding that the commission's order was supported by reliable, probative, and substantial evidence. Appellant argues that there was no transfer of interest in the business, thereby placing no requirement on appellant to notify the Department of Liquor Control. We find that appellant has misinterpreted the notice requirement of R.C. 4303.293. Moreover, we find that the common pleas court did not abuse its discretion in finding that the commission's order was supported by reliable, probative, and substantial evidence and in accordance with law.
 {¶ 11} R.C. 4303.293 provides, in pertinent part:
* * * Any person having a legal or beneficial interest * * * shall notify the division of liquor control of the interest in such ownership, including contracts for purchase on an installment basis, occurring after the application for, or the issuance of, the permit. Such notification shall be given within fifteen days of the change. * * *
Pursuant to R.C. 4303.293, a person with a legal or beneficial interest in the permit business, obtained after the application for, or issuance of, the permit, must notify the Division of Liquor Control within 15 days of the change in ownership. In this case, the commission found that the required notice was not provided within 15 days of the change in ownership. In other words, R.C. 4303.293 was violated because the Department of Liquor Control was not notified within 15 days of Mr. Brickles' obtaining a legal or beneficial interest in the permit business. The record supports the commission's finding a violation of R.C.4303.293.
 {¶ 12} As discussed above, it is not clear whether both parties stipulated to the investigative report. Nevertheless, the report was admitted into evidence at the hearing before the commission. We find that, in view of the report and its attachments, the trial court did not abuse its discretion in finding reliable, probative, and substantial evidence that appellant violated R.C. 4303.293. The investigative report states as follows:
* * * Compliance Officer Veronica Davenport, accompanied by assistant supervisor Andre Smith, visited subject business * * * to ascertain the true owner/operator of the business.
Both officers identified themselves to Mr. William Brickles[.] * * * Mr. Brickles is the President of Harpster's Market Inc. Per conversation with Mr. Brickles, he purchased the business in January 2000 and has operated same since February 2000. * * *
* * *
Compliance officer received a memo from Gary E. Jones, Supervisor, Investigative Services Unit dated November 9, 2000 advising her that no transfer of ownership had been filed with the division. * * *
A purchase agreement, providing for the sale of Kamio Kim's business to William R. Brickles, was attached to the investigative report. The parties entered the agreement on January 22, 2000, and the agreement provided that "[t]he date of transfer shall be February 1, 2000." Appellant argues that the assets of the business could not transfer until September of 2000. Regardless of when the assets transferred, evidence in the record supports a finding that Mr. Brickles had a "legal or beneficial interest" in the business, and that the Division of Liquor Control was not timely notified, as required by R.C.4303.293.
 {¶ 13} Appellant argues that a review of the record in this case demonstrates ample evidence supporting the contentions of appellant. We note that we are reviewing the common pleas court's decision using an abuse of discretion standard. See Pons,
supra. Thus, even if appellant's assertion was true, we would not disturb the decision of the lower court because we have found that, in view of the investigative report and its attachments, the common pleas court did not abuse its discretion in finding that the commission's order was supported by reliable, probative, and substantial evidence.
 {¶ 14} Regarding the penalty of revocation imposed by the commission, we take note of Henry's Café, Inc. v. Bd. of LiquorControl (1959), 170 Ohio St. 233. On appeal, the common pleas court's power to modify the commission's order "is limited to the ground set forth in Section 119.12, Revised Code, i.e., the absence of a finding that the order is supported by reliable, probative, and substantial evidence." Id. at paragraph two of the syllabus. The common pleas court "has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Id. at paragraph three of the syllabus. Furthermore, as this court previously has observed, "[a]s a practical matter, courts have no power to review penalties meted out by the commission. Thus, we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh. * * * Perhaps the time to reconsider Henry's Café has arrived, but the Supreme Court of Ohio must be the court to do that reconsideration."Lindner v. Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430. Therefore, the penalty imposed by the commission in this case is not subject to our review.
 {¶ 15} We feel compelled to address the commission's inclusion of R.C. 4303.27 in its "Violation #2." "Violation #2," as presented in the "notice of hearing," is premised on a failure to notify the Division of Liquor Control of any "legal and/or beneficial interest in the permit business in violation of Section 4303.293 and/or 4303.27 of the Ohio Revised Code." The violation, as written, presumes that R.C. 4303.27 has a notification requirement. This presumption is incorrect. R.C.4303.27 contains no notification requirement; it provides in pertinent part, as follows:
Each permit issued * * * shall authorize the person named to carry on the business specified at the place * * * described * * *. Such permit does not authorize the person named to carry on the business specified at any place * * * other than that named, nor does it authorize any person other than the one named in such permit to carry on such business at the place * * * named, except pursuant to compliance with the rules and orders of the division governing the assignment and transfer of permits, and with the consent of the division. * * *
Hence, a failure to notify the Department of Liquor Control within 15 days of the change in interest could not be a violation of R.C. 4303.27. However, in view of our analysis of evidence supporting a finding of a violation of R.C. 4303.293, this error by the commission is inconsequential to our disposition of this case.
 {¶ 16} Based on the foregoing, we find that the common pleas court did not abuse its discretion in finding that the commission's order was supported by reliable, probative, and substantial evidence and in accordance with law. Accordingly, we overrule appellant's single assignment of error and affirm the decision of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Brown, JJ., concur.
[1] We note that, at the April 30, 2002 hearing, counsel for appellant did not explicitly agree to stipulate to the investigator's report. However, the stipulation is implicit in the proceedings and the commission, in its May 14, 2002 order found that appellant had "entered a plea of denial [with] stipulation as to violation [two.]"
[2] Contrary to appellant's assertion in its assignment of error, the commission's order, which was affirmed by the trial court, revoked appellant's liquor permit; the order did not "den[y] the requested transfer of the liquor permit of appellant and den[y] renewal of the permit."